**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Timothy A. Shimko, Sr., Shimko & Piscitelli,<br><br>           Plaintiffs,<br><br>vs.<br><br>David Goldfarb, Rhona Goldfarb, Richard Ross, Marcia Ross, Milton Guenther and Kathi Guenther,<br><br>           Defendants. | CV-04-78-PHX-FJM<br>CV-05-1387-PHX-FJM<br>[Consolidated]<br><br><br><br>**ORDER** |
| Timothy A. Shimko, Sr., Shimko & Piscitelli,<br><br>           Plaintiffs,<br><br>vs.<br><br>Paul Woodcock and Bobbi Woodcock,<br><br>           Defendants. | |

**I.**

A brief review of the tortured procedural history of this case is useful. Defendants Goldfarb, Ross, Guenther, and Woodcock (collectively, "defendants")[1] hired plaintiff

---

[1] We recognize that Guenther and Woodcock's spouses remain defendants in this action. For ease of discussion, however, we refer only to Guenther and Woodcock.

1  Timothy Shimko and his law firm, Shimko & Piscitelli (collectively, "plaintiffs"), to
2  represent them and their companies, known as the CORF entities, in a number of civil
3  lawsuits filed against them. Plaintiffs brought this action against defendants alleging that
4  defendants failed to pay for legal services rendered.

5       We granted Ross and Goldfarb's joint motion for summary judgment, concluding that
6  plaintiffs agreed to represent the CORF entities only and, as limited partners, Ross and
7  Goldfarb are not personally liable for the CORF entities' attorney's fees (doc. 59). We
8  granted Rule 54(b), Fed. R. Civ. P., certification and plaintiffs appealed. The Ninth Circuit
9  reversed and remanded, concluding that Shimko's affidavit, stating that he orally agreed to
10 represent Ross and Goldfarb individually, was sufficient to raise a genuine issue of material
11 fact as to whether an oral contract existed for the provision of legal services to Ross and
12 Goldfarb, individually. Shimko v. Goldfarb, 246 Fed. Appx. 525, 526 (9th Cir. 2007).

13      Meanwhile, plaintiffs' claims against Guenther proceeded to trial. Following a bench
14 trial, we held that Guenther, as a limited partner in control, was liable for the entirety of the
15 unpaid attorney's fees owed by the CORF entities, and, based on plaintiffs' representation
16 as to fees incurred, awarded $359,668.00 in favor of plaintiffs (doc. 127). Guenther
17 separately appealed. The Ninth Circuit reversed, stating that as a lawyer Shimko is not an
18 ordinary creditor, owes a fiduciary duty to his clients, and is charged with knowing that the
19 CORF entities' organic documents establish that the individual defendants are limited
20 partners. Shimko v. Guenther, 505 F.3d 987, 992 (9th Cir. 2007). The court concluded,
21 therefore, that Shimko could not reasonably have believed that Guenther was a general
22 partner, and accordingly held that Guenther is not personally liable for the CORF entities'
23 debt. Id. The court remanded the case for us to consider, under quantum meruit and unjust
24 enrichment theories, the extent to which Guenther is liable for legal fees provided to him
25 personally. Id. at 993. We then ordered the parties to file post-trial memoranda on the
26 remanded issues. Only plaintiffs filed a memorandum, again representing that the amount
27 of unpaid fees was $359,668.00, and suggesting that we divide this amount by four, since
28 Guenther was one of four named defendants. Absent opposition, we accepted plaintiffs'

- 2 -

1  suggestion, and after reducing Shimko's hourly rate by one-third, we awarded $59,945.00
2  in favor of plaintiffs and against Guenther (doc. 181). We declined to grant Rule 54(b)
3  certification and therefore this decision remains subject to revision at any time before final
4  judgment is entered. Fed. R. Civ. P. 54(b).

5  Before trial, Woodcock filed for bankruptcy. We entered an order instructing
6  plaintiffs to seek an order lifting the automatic stay or we would dismiss the action against
7  Woodcock. When plaintiffs failed to have the stay lifted, we dismissed the action against
8  Woodcock without prejudice (doc. 86). Plaintiffs later filed a separate action against
9  Woodcock, CV-05-1387, which we have consolidated with this action on remand.
10 Therefore, unfortunately, all four defendants are before us once again.

11 **II.**

12 We now consider Woodcock's motion for summary judgment (doc. 190) and
13 supplement to the motion for summary judgment (doc. 198), Goldfarb (doc. 191) and Ross's
14 (doc. 195) joinder in Woodcock's motion for summary judgment, plaintiffs' response (doc.
15 208), Ross's reply (doc. 213), and Woodcock's reply (doc. 215).

16 The gravamen of Woodcock's motion is that Shimko's representation of the
17 defendants was so riddled with conflicts and ethical violations that it had no value, and
18 therefore no additional attorney's fees are owing. We first summarily reject plaintiffs'
19 argument that the Ninth Circuit has already concluded that summary judgment is
20 inappropriate in this case, and that we "would commit reversible error if [we] were to grant
21 summary judgment again on the Plaintiff's legal claims." Response at 13. First, the claims
22 against Woodcock were previously dismissed without prejudice and no issue against him has
23 been finally resolved. Moreover, the Ninth Circuit held only that an issue of fact exists as
24 to whether Ross and Goldfarb entered into an oral contract with Shimko for their personal
25 representation. The court did not rule on the conflict issue, and in fact recommended our
26 consideration of the issue on remand. Defendants contend that Shimko's ethical violations
27 amount to a separate and independent basis upon which to conclude that plaintiffs are not
28 entitled to recovery of any attorney's fees. This issue is properly before us.

## III.

Ethical Rule 1.7(a) of the Arizona Rules of Professional Conduct, Rule 42, Rules of the Supreme Court of Arizona, ("Ethical Rule" or "ER"),[2] provides that a "concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." If a conflict of interest exists, a lawyer may only represent the clients if the clients give informed consent, confirmed in writing. ER 1.7(b). We have adopted these rules as our own. LRCiv 83.2(e).

Defendants contend that Shimko violated ER 1.7 by failing to disclose the conflicts inherent in the joint representation of the four defendants and the CORF entities and by failing to obtain defendants' written consent. In particular, defendants contend that Shimko did not explain that his joint representation would limit his ability to negotiate settlements for fewer than all of the joint defendants. They also allege that Shimko failed to advise the defendants of a possible conflict of interest even after he became concerned that Goldfarb's continued improper conduct created an increased risk for the other defendants.

Defendants also contend that Shimko violated ER 1.8, which prohibits a lawyer from entering into a business transaction with a client without first providing full disclosure and an opportunity to seek advice from outside counsel, and then only with the client's written consent. Defendants allege that Shimko violated ER 1.8 when he made a $250,000 interest-free loan to a CORF entity, without notifying and obtaining the consent of all the defendants, and when he invested in an unrelated company with defendants and third parties.

---

[2] The Ninth Circuit suggested that the conflict of interest question is appropriately considered in the context of both Arizona and Ohio law. Shimko v. Guenther, 505 F.3d 987, 992 & n.4 (9th Cir. 2007). However, because none of the parties discuss the application of Ohio law, we consider the issue under Arizona law only. In addition, this is a diversity action in which Arizona law applies to the claim for fees.

- 4 -

1    These allegations raise issues of fact.  Accordingly, we deny summary judgment on
2 defendants' conflict of interest claim.  Moreover, even if we assume that a conflict of interest
3 existed and that Shimko failed to comply with the requirements of ER 1.7 and 1.8,
4 defendants do not at this time show that any ethical violation affected the value of the legal
5 services provided.  Instead, citing Image Tech. Servs., Inc. v. Eastman Kodak Co., 136 F.3d
6 1354 (9th Cir. 1998), defendants contend that a violation of an ethical rule is sufficient in
7 itself to establish that Shimko is not entitled to fees.  But Image Tech. is a diversity action
8 applying California law.  Although California courts have held that a lawyer's conflict of
9 interest violation renders the legal services valueless, resulting in a denial of fees in their
10 entirety, see United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip., Inc., 89
11 F.3d 574, 579 (9th Cir. 1996) (and cases cited therein), Arizona law does not provide this
12 automatic remedy.

13   The preamble to the Arizona Rules of Professional Conduct provides that the Rules
14 "are not designed to be a basis for civil liability," and a violation of an ethical rule "does not
15 necessarily warrant any other non-disciplinary remedy, such as disqualification of a lawyer
16 in pending litigation."  Rule 42, Rules of the Supreme Court of Arizona, Pmbl. ¶ 20.  While
17 a lawyer's violation of a Rule "may be evidence of breach of the applicable standard of
18 conduct," it "should not itself give rise to a cause of action against a lawyer nor should it
19 create any presumption in such a case that a legal duty has been breached."  Id.

20   We have found no Arizona case on point, nor have the parties cited any.  Absent
21 controlling state law, Arizona generally follows the Restatement.  Espinoza v. Schulenburg,
22 212 Ariz. 215, 217, 129 P.3d 937, 939 (2006).  Therefore, we look to the Restatement (Third)
23 of the Law Governing Lawyers § 37 (2000), which provides that "[a] lawyer engaging in
24 clear and serious violation of duty to a client may be required to forfeit some or all of the
25 lawyer's compensation for the matter."  The forfeiture is not automatic upon the finding of
26 a violation.  Instead, "[c]onsiderations relevant to the question of forfeiture include the
27 gravity and timing of the violation, its willfulness, its effect on the value of the lawyer's work
28 for the client, any other threatened or actual harm to the client, and the adequacy of other

- 5 -

1  remedies." Id. Inadvertent violations or those that do not significantly harm the client do not
2  justify a total forfeiture of fees. Id. cmt. b. Instead, forfeiture should be proportionate to the
3  seriousness of the offense. Id. cmt. c. These considerations are fact intensive.

4      Whether Shimko violated his ethical obligations under ER 1.7 and 1.8 and whether
5  these ethical violations affected the value of Shimko's legal representation or caused injury
6  to the defendants have yet to be decided. Of course, the defendants may raise Shimko's
7  ethical violations in defense at trial and the jury will be instructed that it may reduce or bar
8  any claim for fees in accordance with § 37 if the evidence justifies such an instruction.[3]

9      Finally, Mr. McDaniel [representing Woodcock] and Mr. Cohen [representing Ross]
10 have obligations under ER 8.3, independent of this action, to inform the State Bar of Arizona,
11 and the disciplinary authority in Ohio, of their allegations against Shimko because they do
12 raise "a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer
13 in other respects." ER 8.3(a).

14     Mr. McDaniel and Mr. Cohen shall each file a brief memorandum no later than July
15 14, 2008, evidencing the action they have taken to satisfy ER 8.3. The court takes this action
16 under Canon 3(B)(3), Code of Conduct for United States Judges.

---

[3] Defendants contend that plaintiffs' have repeatedly misrepresented the amount of unpaid legal fees by failing to reduce the claimed amount, despite plaintiffs' concession that the claimed amount is incorrect. Defendants further contend that this inaccurate amount was improperly used to calculate the damages awarded against Guenther (doc. 181). Plaintiffs will be ethically obligated to present an accurate calculation of claimed fees at trial. Moreover, we reserve the right to revise any decision relating to Guenther in the final judgment.

- 6 -

Therefore, **IT IS ORDERED DENYING** defendants' motion for summary judgment (doc. 190).

DATED this 26th day of June, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge